UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE SHERROD, Petitioner, -against- UNITED STATES OF AMERICA, Respondent. | 16 Civ. 4830 (LGS) |
| UNITED STATES OF AMERICA, -against- TYRONE SHERROD, Defendant. | **ORDER**<br>01 Crim. 1170-2 (LGS) |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 22, 2016, Petitioner Tyrone Sherrod filed a petition under 28 U.S.C. § 2255, arguing that his sentencing enhancement resulting from his designation as a career offender under the Sentencing Guidelines was unconstitutional in light of *Johnson v. United States*, 576 U.S. 591 (2015). The petition was filed as a "placeholder" petition pursuant to this District's June 8, 2016, Standing Order, which contemplated supplemental briefing on the petition at a later date.

WHEREAS, on September 6, 2016, Judge Hellerstein stayed the action pending the Supreme Court's decision in *Beckles v. United States*, 580 U.S. 256 (2017). The parties have not made further submissions since the stay was entered, and the petition was never substantively briefed.

WHEREAS, the action was reassigned to the undersigned on November 24, 2026.

WHEREAS, as reflected by the docket in Petitioner's underlying criminal case, No. 01

Crim. 1170-02, Petitioner was released from incarceration in 2019, and Judge Hellerstein discharged Petitioner from supervised release in 2021.

WHEREAS, unlike a challenge to a criminal conviction, a challenge to a sentencing enhancement does not give rise to a presumption of collateral consequences. *See United States v. Mercurris*, 192 F.3d 290, 293-94 (2d Cir. 1999); *McCray v. Anderson*, No. 20 Civ. 2247, 2024 WL 4277673, at *3 (S.D.N.Y. Sep. 24, 2024). "This court has repeatedly held that challenges to the validity of a sentence are mooted by the expiration of that sentence and thus not justiciable once the sentence has been served." *McCray*, 2024 WL 4277673, at *3 (citation omitted). Petitioner has fully served his sentence and has not identified any continuing collateral consequences arising from the sentencing enhancement. It is hereby

**ORDERED** that the petition is **DISMISSED as moot**.

The Clerk of Court is respectfully directed to (1) close the civil case, No. 16 Civ. 4830, (2) close the corresponding motion at Dkt. No. 58 in the related criminal case, No. 01 Crim. 1170-02, and (3) docket this Order in both cases.

Dated: November 25, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE